DA 12-0142

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2012 MT 232N

IN RE THE MARRIAGE OF:

MICHAEL SWARTZ,

      Petitioner and Appellee,

   and

CHARLENE BOLTON,

      Respondent and Appellant.

APPEAL FROM:    District Court of the Fourteenth Judicial District,
In and For the County of Meagher, Cause No. DR 09-03
Honorable Randal I. Spaulding, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

            Charlene Bolton (self-represented litigant); Fallon, Nevada

      For Appellee:

            Michael S. Kakuk; Kakuk Law Office Helena, Montana

                 Submitted on Briefs:  September 12, 2012

                          Decided:  October 22, 2012

Filed:

_____
                Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Charlene Bolton (Char) appeals from findings of fact, conclusions of law, and a final decree of dissolution of her marriage to Michael Swartz (Mick) by the District Court for the Fourteenth Judicial District, Meagher County.  We affirm but remand for a clarifying order.

¶3     Mick and Char were married by common law in 1992.  Mick is a retired automotive supervisor for the United Parcel Service (UPS), and Char is a retired legal assistant.  The parties bought a home near While Sulphur Springs, Montana in 1999.  The parties took out a mortgage to pay for the property, and Mick withdrew money from his premarital retirement account to make the down payment.  Mick and Char lived together in their marital home until they separated in October of 2003.  When the parties separated, Char moved to Oregon, and Mick continued to live in the parties' marital home.

¶4     On July 15, 2009, Mick petitioned for dissolution of marriage.  The District Court held a bench trial on October 12, 2011 and issued findings of fact, conclusions of law, and a final decree of dissolution on February 6, 2012.  The court found that although the

2

parties remained married after their separation, for all practical purposes the marriage ended in October of 2003. Accordingly, when the court divided the marital estate it elected to value the marital property, including the marital home, as of 2003 instead of the date of dissolution.

¶5 Mick was awarded the home and, because the property was a marital asset, the court awarded Char half of its value. However, the District Court determined that in 2003 Mick and Char owed more on the mortgage than the property was worth. Consequently, as there was no equity in the home in 2003, Char did not receive anything of value from the marital home and property.

¶6 The District Court also divided Mick's retirement benefits through UPS. Applying the time rule formula to divide Mick's retirement benefits, the court used 2003 as the date the marriage ended to calculate the marital portion of the pension and found that Char was entitled to twenty-four percent of Mick's monthly benefit, or $373.40. The court also divided the vehicles that the parties owned in 2003, some of which Mick has since sold. The court awarded Char half of the value of the vehicles and gave Mick ownership of the vehicles that he still has in his possession.

¶7 Additionally, the District Court evenly split debt from three credit accounts in Mick's name between the parties. Although disputed by Char, Mick testified that the debt owing on the credit accounts, which the court found to be $12,522.63, was all incurred between 1992 and October 2003. Mick admitted that he had not made any payments on the accounts since 2003 and that judgments have been entered against him in favor of his creditors. Lastly, the court denied Char's motions for spousal maintenance

3

and an award for attorney's fees, which she requested for the first time during her closing argument. The court held that Char's requests were too late, and, in any event, that she had not presented any evidence or testimony to support her requests.

¶8 Char argues on appeal that the District Court failed to make certain necessary findings, that its division of the marital estate is inequitable, and that a number of its findings are erroneous, including the court's valuation of the marital home. We review a district court's factual findings to determine if they are clearly erroneous. *In re Marriage of Tummarello*, 2012 MT 18, ¶ 21, 363 Mont. 387, 270 P.3d 28. If the findings are not clearly erroneous, we will affirm the district court unless it abused its discretion. *In re Marriage of Czapranski*, 2003 MT 14, ¶ 10, 314 Mont. 55, 63 P.3d 499.

¶9 Char argues that the District Court should have made a finding of whether the court's distribution of assets was in lieu of spousal maintenance, citing § 40-4-203, MCA. However, § 40-4-203, MCA, applies to cases where maintenance is awarded, and the court did not award maintenance here. When determining whether a particular omitted finding was necessary, the test is whether the district court's findings as a whole are sufficient to determine whether the division of the estate was equitable. *In re Fenzau*, 2002 MT 197, ¶ 40, 311 Mont. 163, 54 P.3d 43.

¶10 Char also contends that the court erred by adopting Mick's proposed findings of fact and that the findings show that the court did not consider all of the factors enumerated in § 40-4-202, MCA. We review a district court's findings to determine if they are sufficiently comprehensive and pertinent to the issues to provide a basis for a

4

decision. *Fenzau*, ¶ 42. The same standard applies even if the court adopts one party's proposed findings. *Fenzau*, ¶ 42.

¶11 After reviewing the District Court's findings, we are convinced that they are sufficiently comprehensive and pertinent and are supported by the evidence. It is also clear that the court considered the necessary factors in its consideration of the issues. The district court is vested with broad discretion to equitably divide the marital estate under the circumstances of each case. *In re Marriage of Funk*, 2012 MT 14, ¶ 6, 363 Mont. 352, 270 P.3d 39.

¶12 Next, Char argues that the court erred by using the date of separation to value the marital property. Char argues alternatively that there was insufficient evidence to support the court's finding that there was no equity in the marital home in 2003. The value of the marital estate is usually determined at or near the time of dissolution. *In re Marriage of Swanson*, 220 Mont. 490, 495, 716 P.2d 219, 222 (1986). There are circumstances, however, when the estate may be valued at a time other than at dissolution. *In re Marriage of Hochhalter*, 2001 MT 268, ¶ 17, 307 Mont. 261, 37 P.3d 665. We have held that a court may use the date the parties separated to value the estate when the parties stopped living together and started managing their finances separately. *In re Marriage of Thorner*, 2008 MT 270, ¶ 37, 345 Mont. 194, 190 P.3d 1063.

¶13 It is undisputed that Char permanently left the parties' marital home after they separated. It is also undisputed that other than filing joint tax returns, Mick and Char have made independent financial decisions and maintained separate financial accounts since October 2003. Accordingly, the court found that the marriage ended for all

5

practical purposes when Mick and Char separated. Char argues that the marital relationship did not end because she and Mick have talked on the phone occasionally and have filed joint tax returns since they separated. We find no error in the court's finding that the marital relationship ended in October 2003, and we hold that the District Court did not abuse its discretion by valuing the marital estate as of the date of separation given the facts of this case.

¶14 We also find no error in the court's finding that the marital home had no equity in October 2003. As factfinder, the District Court must make its findings based on the evidence presented at trial. The court's finding that there was no equity in the home in 2003 was based primarily on Mick's testimony. Char argues that the court should have used the appraisal of the property in Mick's financial disclosure, instead. That appraisal was not from 2003, however. Importantly, the court found that Mick had made substantial improvements to the property after 2003 that significantly increased the value of the property. Thus, an appraisal conducted after the improvements would not accurately reflect the value of the home in 2003. The District Court's finding that there was no equity in the home was based on the available evidence and was not clearly erroneous.

¶15 Lastly, Char argues that the District Court erred when it divided the credit card debt evenly between herself and Mick. She claims that the court divided the balance owed on the accounts as of trial, including interest and fees incurred since 2003. Mick contends that the sum the court split was the balance as of October 2003. It is unclear who is correct. Because the District Court valued the property as of October 2003, it

should have also divided the debt as of that date. Accordingly, we remand the case to the District Court for an order clarifying that the amount to be divided is the balance as of October 2003, and that Mick is solely responsible for any fees or interest that have accrued since the parties separated.

¶16 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. There clearly is sufficient evidence to support the District Court's findings of fact and conclusions of law. It is manifest on the face of the briefs and the record that there was not an abuse of discretion.

¶17 Affirmed and remanded for a clarifying order as specified in paragraph fifteen above.

/S/ MIKE McGRATH

We concur:

/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE
/S/ BRIAN MORRIS